JACKSON, *ex dem.* BUSH AND OTHERS, *against* HASBROUCK.

To entitle a party to give parol evidence of the contents of a will, alleged to be destroyed, where there is not conclusive evidence of its absolute destruction, the party must show that he has made diligent search and inquiry after the will, in those places where it would most probably be found, if in existence, as in the office of the surrogate of the county, where the testator died, or in the office of the judge of probates, or of the executors.

THIS was an action of ejectment, for a farm in *Marbletown*, in *Ulster* county, and was tried at the *Ulster* circuit, in *November*, 1812, before Mr. Justice *Van Ness*.

A witness for the plaintiff, aged 70 years, testified, that he was well acquainted with the premises in question, which belonged to *Simeon Van Wagenen*, who died seised thereof in 1760, leaving three sons and five daughters. That *Van Wagenen* made a will, which was in the possession of his children after his death, by which he devised to them, respectively, his real and personal estate, and which they held, according to the will. *Hendrick Bush* married one of the testator's daughters, and he and *Garret*, the son of the testator, were in possession of the premises, being 200 acres of land, until *Bush* sold them, in 1764, to *James Van Wagenen*. *Bush* told the witness, that he held under the will, and was to have the land during his wife's life, after which it was to go to his children. Many years ago, *Hendrick Bush* and *James Van Wagenen* called on *Matthew Cantine*, and requested him to draw a deed of the

premises from *Bush* and his wife, to *James Van Wagenen*; and
*Cantine* said it would do no good to draw the deed, unless the
will of *Simeon Van Wagcnen* was destroyed. The witness fur-
ther stated, that there were three witnesses to the will, and that
he had heard it read; and that *Matthew Cantine* said it was a
good will; that *James Hamilton*, who drew the will, was alive,
and then in court; and that the only surviving child of the tes-
tator was then 90 years old.

NEW-YORK,
May; 1815.

JACKSON
v.
HASBROUCK,

Another witness testified, that *Bush* and his wife, and *Johan-
nes Van Wagenen*, told him, that the will was at *Peter Her-
mance's*, who married a daughter of the testator. *Garrit Van
Wagenen* told him, the will was gone, but where he did not
know. On his cross examination, he said, a copy of the will
was with *Peter Hermance*, and that *Bush* and *James Van Wage-
nen* said the will was destroyed.

The deed from *Bush* and his wife, to *James Van Wagenen*,
was produced, and was dated the 27th *June*, 1764, for the pre-
mises in question; a witness testified, that when *Cantine* was
applied to to draw the deed, a difficulty arose about the ex-
change of farms, between *Bush* and his wife, and *James Van
Wagenen*, on account of the provisions in the will.

Another witness testified, that *H. Bush*, in his life time, re-
peatedly said, that he, and *James Van Wagenen*, destroyed the
will, at the time they exchanged farms. The children of *H.
Bush* are the lessors of the plaintiff.

The defendant proved, that *James Van Wagenen* was in pos-
session of the premises, and was afterwards convicted under the
act of attainder, in *August*, 1781; and the premises in question
were, in *February*, 1782, conveyed by the commissioners of
forfeiture, to *Cornelius E. Wynkoop*, who, on the 10th *April*,
1782, conveyed the same to *Isaac Hasbrouck*, who died about
twenty-five years ago, and his son, the present defendant, en-
tered, and has since continued in possession.

The judge charged the jury, that it was questionable whether
there was sufficient evidence of the execution of the will, to
show its existence as a good and valid will; but, without giving
any opinion on that point, he thought there was not sufficient
evidence of the destruction or loss of the will, to allow parol
evidence of its contents to be given; and whether the evidence
of the possession of the defendant and his ancestor, was not suf-
ficient to bar the plaintiff, notwithstanding the evidence of the

NEW-YORK,
May, 1815.

JACKSON
v.
HASBROUCK.

confessions of those under whom he claimed, was a question of fact for the jury to decide. The jury found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*L. Elmendorf*, for the plaintiff.

*Sudam*, contra.

*Per Curiam.* The motion for a new trial must be denied. The only question in the case, is, whether there was such evidence of the loss of the will of *Simeon Van Wagenen*, as to authorize the admission of parol proof of it. The witnesses who speak of the acknowledgments and declarations of the *Van Wagenens*, as to the loss of the will, are inconsistent and contradictory. They would seem, however, to trace the will, or a copy of it, into the possession of *Peter Hermance*. But there was no proof of any inquiry having been made of *Hermance* for it. The testimony does not warrant the conclusion of an absolute destruction of the will, and it was therefore necessary to show, at least, reasonable diligence to find it, before parol proof of its contents could be admitted. It was incumbent on the party to have made examination, in the office of the surrogate of the county where the testator died, or in the office of the judge of probates, or to have made inquiry of the executors, if known. Nothing of this kind appears to have been done. And it would be too loose and dangerous a rule to admit parol proof of a writing, without more satisfactory evidence of its not being in the power of the party to produce the instrument itself.

Motion denied.