Taylor, Chief Justice.
 

 There is no proof that the Second will was ever in the plaintiff’s possession, and therefore a notice to produce it would be totally unnecessary; but there is evidence that the will was placed by the testator in the hands of
 
 Rebecca Tillery,
 
 since which period it has been traced no farther. Now the ground upon which the defendant offers proof of the execution of the will, is the charge of suppression against the plaintiff, or those under whom she claims. It appeal’s to me, that this fact should be first established by the best evidence the nature of the case admits of, that is, the testimony of
 
 Rebecca Tillery,
 
 and the production of the paper enforced by a
 
 subpoena duces tecum.
 
 I understand it to be an elementary rule, that when the ground of admitting the secondary evidence is the loss of the original, it ought to be shown that diligent inquiry has been made; and the last person into whose possession the paper has 'been traded, should be called to give an account of it*
 
 *371
 
 Opon this principle it has been decided, that to entitle a party to give parol evidence of the contents of a will, alleged to be destroyed,, where there is not sufficient evidence to warrant the conclusion of its absolute destruction, the party must show that he has made diligent search and inquiry- after the will, in those places where it would most probably be found if in existence. (12
 
 John.
 
 192.) And where it appeared that an indenture of apprenticeship consisted of two parts, one of which had been destroyed, and the other had come to the hands of a person that was living, and had not been subpoenaed, but had been heard to say that he could not find the part, and did not know where it was, it was held that this was not a •sufficient ground for admitting parol evidence of its contents. (6
 
 Term Rep.
 
 236.) In all such cases the invariable rule is, for the Court to pronounce in the first instance, whether there is sufficient proof of the loss or destruction of the paper, or whether sufficient inquiry had been made to render parol evidence of the contents admissible. But
 
 here
 
 the whole evidence, that of the suppression of the instrument, and the secondary evidence of its execution, was all submitted to the jury in the first instance, for which, practice I cannot find a single authority. And the principle of evidence is directly opposed to.it; for if the Courthad pronounced in the first instance whether the evidence of the suppression was sufficient to authorize the secondary evidence, it seems evident to me that it must have been rejected, both for its insufficiency as to the suppression, and its defect in not showing that proper inquiries respecting the paper had been made of
 
 Rebecca Tillery;
 
 and then, all the evidence respecting the execution of the will, and the. inferences drawn from it, that it operated a revocation of the first will, must have been excluded. The danger of such evidence consists in this, that it may unconsciously influence the judgment of the jury, and make impressions upon it which no subsequent advice of the Court will be able to efface.. The effect of such a procedure in this cas'd-.
 
 *372
 
 has been, that because the will was placed in the hands of -^e&eccffl
 
 Tillery,
 
 who was sister to the wife of the younger
 
 Crowell,
 
 the jury have inferred a suppression by him; or her; and because it was suppressed, they have farther inferred, that it amounted to a revocation of the first will; a string of inferences that might have been broken by the testimony of
 
 Rebecca
 
 Tillery, or by inquiries of her. The pope*, might have been produced, and might have turned out not to be a will, or, if a will, not amounting to a revocation of the first. The answer to this reasoning is, that however just it might be towards showing that the defendant ought not to be at liberty to prove the contents of the will, it is yet inconclusive to show, that he ought not to prove its execution, an isolated fact from which the jury would draw their conclusions. It strikes me, however, that it would be safer, in the view of a just and temperate decision of the cause, to
 
 prove its
 
 contents, rather than to
 
 conjecture
 
 them, under the influence of a belief that the will has been suppressed by the plaintiff. The presumptions which the law authorizes in its abhorrence of spoliation, are too unlimited and severe to be let loose, without clear and satisfactory proof of that spoliation. The existence of the paper, charged to be spoliated, should be proved positively, and not supposed, or inferred, from circumstances out of which the supposition-docs not necessarily or naturally arise, (2 P. ¡Tins. 720.) I am constrained to think, in this case, that sufficient efforts were not made to ascertain from
 
 Rebecca Tillery
 
 whether the will was in existence or not; and that it ought not to have been left to the jury to infer a suppression by her, or by the plaintiff, or those under whom she claims, from the single fact that it was delivered to
 
 Re~ becca Tillery.
 

 Hall., Judge.-
 

 I think the defendants ought not to have been permitted to prove the execution and existence •of another and subsequent will, before they made it ap
 
 *373
 
 pear to the Court that they had made reasonable efforts to procure it. And I think there would have been nothing * # unreasonable in this, for the will was proved to have been delivered to Miss
 
 Tillery,
 
 and a
 
 subpoena dims tecum
 
 might have been procured to enforce her attendance with the paper writing, or will, or account for it. It seems that the witnesses did not read the paper writing which
 
 Edward Crowell
 
 procured them to attest .as witnesses. They gave in evidence,' that he told them that it was his last will and testament. If that paper had been produced,
 
 the fact
 
 would have appeared whether it was a last will and testament or not. So far from endeavoring to procure it by
 
 subpoena duces tecum,
 
 they went to trial without the testimony of Miss
 
 Tillery,
 
 although she was summoned and did not attend.
 

 As the defendants had taken no step to procure the will, and evidence was given to prove its execution, I think a new trial ought to be granted.. The charge of the. Court was given as to a fact which the jm*y were at liberty to believe from the evidence; namely, that the paper writing was in the possession, or under the control of, or suppressed by, the plaintiffs. If this was the fact, whether the defendants could avail themselves of it without giving notice to produce it, I will give no opinion. On the one side it is argued, that if they were possessed of it, or had it under their control, they were guilty of a fraud not to produce it; they knew, without notice being given them for that purpose, that it was their duty to produce it. On the other side it is argued, that a party shall not avail himself of a deed ór writing by proving its execution, unless he has used endeavors to procure it by demanding it of the party or giving notice to produce it. Thatthe reason why the production ofadeed is ever dispensed with is, because the party has no control over it. As far as this principle is involved in the present question, the inclination of my mind is with the plaintiff. But I give no opinion on that part of the case. For
 
 *374
 
 the reason I have first assigned, I think there should b« a new , .