### MURRAY *v.* BUCHANAN, Administrator.

If after the issuing of a *fi. fa.* by a justice of the peace, and before its execution, the plaintiff die, the writ may still be executed; and if the justice afterwards prevent its execution, he may, for any loss thereby caused to the estate of the deceased, be sued in case by the administrator of such estate.

The contents of a paper cannot be proved by secondary evidence, unless its loss or destruction be positively proved, or it appear that *bona fide* and diligent search had been made for it in vain, where it was likely to be found.

And, in general, the loss of the paper must be proved by the person in whose hands it was at the time of the loss, or to whose custody it is traced, if he be living.

ERROR to the *Huntington* Circuit Court.

SULLIVAN, J.—Case by *Buchanan*, administrator of *Topley Gaunt*, deceased, against *Murray*, commenced before a justice of the peace. The plaintiff, in his cause of action, alleges that *Gaunt*, in his lifetime, recovered a judgment against one *Harlan* before the defendant, who was a justice of the peace, and caused an execution of *fi. fa.* to issue on the judgment; that before the execution was levied, and before the returnday, *Gaunt* died, whereupon the defendant ordered the constable to return the execution, and it was returned accordingly; that at the time of such order, *Harlan* had sufficient property to pay the debt, but that he has since become insolvent, and is wholly unable to pay the same; wherefore, &c. Plea, the general issue. Judgment for the plaintiff.

It is questionable, whether the plaintiff could have supported an action, at common law, for the injury set forth in his statement, when the plea was not guilty; but we believe it is now settled, that for any description of injury to the personal property of the deceased, whereby it is rendered less beneficial to the executor or administrator, done even before administration of the personal estate is granted, he may recover for the injury, notwithstanding the action is in form *ex delicto.* 1 Chitt. Pl. 79.

The plaintiff in error contends, however, that no injury was done to the administrator by ordering the execution to be returned, because, as he says, when the execution-plaintiff died, the constable could not proceed with the execution of the writ, and it was his duty to return it without levying the debt. The position is not tenable. If the plaintiff die after a *fieri facias* sued out, it may be executed notwithstanding, and his executor or administrator shall have the money; or if the plaintiff has made no executor, or administration is not granted, the money must be brought into Court and deposited, until there be a representative to receive it. Cro. Car. 459. *Thoroughgood's* case, Noy, 73, cited by *Gould*, J., in 2 Ld. Raym. 1073.—Salk. 322.—2 Tidd's Pr. 932, 3.

On the trial of the cause, *Wm. G. Johnson* testified that he was the defendant's successor, and that he had possession of his docket and papers. The witness then read from the docket, that had been kept by the defendant, an entry of a judgment in favour of *Gaunt* against *Harlan*, corresponding to that set out in the statement of the plaintiff's cause of action. He also proved by an entry on the docket, that an execution had issued on the judgment. The constable, to whom the writ had been delivered, proved that he had returned it in obedience to the orders of *Murray*. *James R. Slack* was then sworn, who stated that at or about the time this suit was tried before the justice, he made diligent search for the execution, and that it could not be found. He also stated that *Johnson* had searched with him. The plaintiff thereupon offered to prove, by secondary evidence, the contents of the writ, to which the defendant·objected, on the ground that the loss of the paper had not been satisfactorily established, but the Court overruled the objection and·permitted the contents to be proved.

Where a paper, the contents of which are necessary to be used on a trial, is lost or destroyed, the fact that the paper once existed must be proved; and if positive proof of the destruction cannot be had, it must be shown that a *bona fide* and diligent search has been made for it in vain, where it was likely to be found. 12 Johns. 192. 16 *id.* 193. And, in general, the loss of it must be proved by the person in whose hands it was at the time of the loss, or to whose cus-

tody it is traced, if that person be living.  *Rex* v. *Castleton*, 6 T. R. 236.— *Williams* v. *Younghusband*, 1 Stark. Cas. 139.— *Jackson* v. *Frier*, 16 Johns. 193.  We think the plaintiff, in the proof he adduced of the loss of the paper, did not bring himself within the rule.  Without adverting particularly to the fact, that it does not appear that the search was made in the place where the paper was most likely to be found, it is sufficient to throw a doubt about the case that *Johnson*, in whose custody the law had placed the paper, was in Court and did not testify, nor was he called upon to testify, to the loss.  He was the proper person, under the circumstances, to prove the loss, and, indeed, the only one who could establish it satisfactorily.  On this point then, we think the Court erred.

We do not decide at this time whether the constable, who returned the execution, as he says, in obedience to the order of the justice, should have been excluded as a witness for the plaintiff, on account of his supposed interest in the event of the suit.  No objection was made to his admissibility in the Court below, and the point therefore is not fairly before us.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Cooper*, for the plaintiff.

*D. H. Colerick*, for the defendant.