## Doe on the demise of Murphy and Another v. Hayes and Another.

The issuing of an alias *fi. fa.* while the levy under the first is undisposed of, cannot affect the lien of the judgment.

Where the land of an execution-defendant has, during his lifetime, been levied upon by a *fi. fa.*, a *venditioni exponas* may issue after his death, and the land may be sold thereon.

ERROR to the *Shelby* Circuit Court.

STUART, J.—The case was submitted to the Court; finding and judgment for the lessees of the plaintiff.

It appears from an agreed state of facts, that on the 27th of *August*, 1841, *Jesse Scott* recovered judgment, by confession, for 200 dollars, on a note dated *June* 18, 1840, against *Lockhart* and others. At the time of the recovery, *Lockhart* was the owner in fee of the land in controversy. On the 5th of *August*, 1842, a *fi. fa.* issued on the judgment, was levied on the tract of land in question, as the property of *Lockhart*, and was returned without sale, by order of the plaintiff, *Scott*. In *March*, 1843, an alias *fi. fa.* was issued, which was also levied on the same tract of land, and returned no sale for want of bidders. In *March*, 1844, *Jesse Scott*, the execution-plaintiff, died; and in *September*, 1845, a *venditioni exponas* issued, reciting the first *fi. fa.* and the sheriff's levy and return thereon, and directing the officer to sell, &c. At this point there is great confusion of dates in the "agreed case." The sale to the *Murphys* is stated to be in *October*, 1847, the return of the sheriff in *July*, 1847, and the deed to the purchasers in *May*, 1846. We may still presume that the sale, the deed, and the return, followed each other in proper succession. The sheriff's deed to the *Murphys* was recorded in *May*, 1846. These proceedings under the *Scott* judgment, constitute the chain of title on the one side.

On the other, it appeared that in *August*, 1842, a year after the recovery of the *Scott* judgment, *Lockhart* mortgaged the land in dispute, together with other lands, to *Hayes* and *Ferris*. From this mortgage the defendants trace their title. It is not necessary to state the several steps of foreclosure, &c. The priority of the lien of the *Scott* judgment does not admit of controversy. The issuing an alias *fi. fa.* while the levy under the first execution was undisposed of, might be an irregularity—perhaps a nullity; but could not affect the lien of the judgment. 1 Ohio R. 458. The lien remains until the judgment is satisfied, or the property bound by it is disposed of.

The only remaining question relates to the sale on the

*venditioni exponas*, after the death of the execution-plaintiff. A *fi. fa.* levied on land in the lifetime of the execution-defendant, may be proceeded in, and the land sold after his death. *Wolf* v. *Heath*. 7 Blackf. 154. So if the execution-plaintiff die after the issuing of a *fi. fa.*, the writ may still be executed. *Murray* v. *Buchanan*, 7 Blackf. 549. The rule to be deduced from these decisions is, that when the execution of the writ is begun in the lifetime of a sole plaintiff or sole defendant, the officer may complete it after the death of either party. The sale in the present case, though on a *venditioni exponas* issued after the death of *Scott*, comes fairly within the rule. For the *vendi.* is only the execution of what had been left to be done under the *fi. fa.* It is not a new command to levy, but only to dispose of a levy already made. The officer is ordered to complete, under the *vendi.*, what he had begun under the *fi. fa.* The *vendi.* relates back to the *fi. fa.*, and to the proceedings had thereon. The power of the officer under the *vendi.* commences precisely where his action under the *fi. fa.* ceased. "These two writs are, in fact, but one writ—the one designed to complete what the other had commenced."

We therefore conclude that the *vendi.*, in this instance, was properly issued and executed after the death of *Scott*. We cannot see any distinction, nor any good reason why we should seek to distinguish between the case at bar and those cited. In some of the states a different rule prevails, perhaps growing out of statutory provisions.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Macy* and *T. A. Hendricks*, for the plaintiff.

*J. Morrison* and *S. Major*, for the defendants.