## SMITH *v.* REED and Another.

Parol evidence of the contents of a written receipt is not admissible, until a valid and legal excuse has been given for the non-production of the receipt. When a paper, the contents of which are necessary to be used in the prosecu-

tion or defence of a suit, is in the possession or control of the adverse party, notice should be given to him or his attorney to produce it, and if, upon such notice, it is not produced, its contents may be proved by parol.

The rule that it must appear that the grounds of objection to evidence were stated when the objection was made, applies to cases in which the evidence was admitted, and not to those in which it was rejected.

Nov. Term, **1855.**

SMITH
v.
REED.

APPEAL from the *Fayette* Circuit Court.

Wednesday,
*December* 12.

DAVISON, J.—*Irvin* and *Hugh Reed* sued *Smith* upon a judgment for 84 dollars, recovered by them against him, before one *Isaac Kay*, a justice of the peace. There are three pleas. The first and second raise no point in the case. The third alleges payment of the judgment to the justice, &c. Issue. The Court tried the cause, and found for the plaintiffs. New trial refused, and judgment on the finding.

The record contains a bill of exceptions, which shows that this case was tried at the spring term, 1852; that upon the trial the defendant produced one *William H. Evans*, who testified that he had received a letter from *Irvin Reed*, one of the plaintiffs, in relation to the judgment sued on; that he saw and read the letter last summer; came across it while searching for another paper, and then thought it of no use. He is not certain whether he threw the letter down or put it in his pocket. He took no care of it, and can not say positively what was done with it, but verily believes it is destroyed. Within the week prior to his examination, the witness was called on by the defendant's counsel to search for the letter, but he declined to do so, for the reasons above stated. The letter requested the witness to call on the defendant, and see if he had a receipt against a judgment on the docket of *Isaac Kay*, in favor of the plaintiffs, and, if so, whether it was in full of the judgment.

To lay the foundation to prove the contents of the receipt alluded to by *Evans*, the defendant himself being sworn, stated, "that he placed the receipt in the hands of *James Green*, as the plaintiffs' counsel, under the statement of *Green* that he was employed to bring suit against *Kay's* securities." The defendant then proposed to prove

by said *Evans* "that the receipt was between 70 and 90 dollars, and was in full of the judgment; that he was acquainted with the handwriting of esquire *Kay*, and that the receipt was in his handwriting, and specified the judgment."

The introduction of this evidence was objected to, on the ground that the proof given laid no sufficient foundation for secondary evidence of the contents of the receipt. The Court sustained the objection.

The receipt, no doubt, had an existence, and was in the hands of the defendant, who delivered it to *Green*, as the plaintiffs' counsel. In the absence of proof that it is lost or has been destroyed, we must presume that it still exists. It was not, therefore, competent for the defendant to give parol evidence of the contents of the receipt, until he had, in some mode known to the law, given a valid excuse for its non-production on the trial. Where a paper, the contents of which are necessary to be used in the prosecution or defence of a suit, is in the hands or power of the adverse party, the practice is to give him or his attorney notice to produce it. If, upon such notice, the paper is not produced, it is usual to allow its contents to be proved. But here the appellant contends that he has shown the custody of the receipt to be in the *Reeds;* that it was placed in the hands of their attorney, and that the possession of the attorney is the possession of the principal. Admit this reasoning to be correct: still there is no foundation for secondary evidence, because neither attorney nor client has received notice to produce the instrument on the trial.

It is argued that the defendant's grounds of objection to the proposed evidence are too general; that this Court has repeatedly decided it to be insufficient to object to the whole evidence; and that the specific ground should be pointed out. These positions, when applied to this case, are untenable. The decisions referred to, apply only where the offered evidence is *admitted* over an objection which does not specifically point out the ground upon which it is predicated. But in the present case the objection was

sustained. And in favor of the ruling of the Court, we will look into the whole record, in order to determine whether a foundation sufficient to authorize proof of the contents of the instrument has been laid. This being done, it is plainly seen wherein that foundation is defective. The law, when applied to the evidence actually given, at once shows its deficiency, because it does not prove notice to produce the receipt.

Nov. Term, 1855.

Moreover, it was the right of the defendant, when the objection was sustained, to have the grounds of the decision specifically stated in the record; and having failed to make a proper application to the Court for that purpose, it is not for him to say that such grounds are not sufficiently specific.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Parker* and *J. Perry*, for the appellant.

*J. A. Fay*, for the appellees.