(1) Counsel for the appellant made the following point: The instruction given was erroneous. The idea upon which it was grounded was, that *Tea*, by entering *Gates's* land and taking more than his share of corn, (assuming that the rent was one-half to be gathered by *Tea* himself,) made himself a trespasser *ab initio;* and that, hence, all doubts in the testimony should be construed most strongly against him. This, we conceive, was an erroneous supposition. *Tea* having by the terms of the lease received license to enter *Gates's* land, his subsequent abuse of that license could not make him a trespasser *ab initio*. And herein a distinction lies between the abuse of a license granted by the party complaining, and one granted by law—as, to a sheriff in case of arrest. In the latter instance, an abuse of the authority makes a trespass *ab initio;* not so in the former. *The Six Carpenters' Case*, 4 Co. 290; Bac. Abr. title Trespass, B; *Allen* v. *Crofoot*, 5 Wend. 506; Cowen's Treatise, 369.

------------

## Mumford and Another *v.* Thomas.

Where testimony is objected to, the ground of the objection must be stated.

A party cannot assign as error the refusal of an instruction, if the Court has given an instruction of the same purport, equally favorable.

An instruction to the effect that parol evidence of the contents of a written warranty is not admissible unless it be shown that the instrument is lost, destroyed, or mislaid, is erroneous. Such evidence is admissible where the instrument is in the hands of the opposite party, and he fails to produce it on proper notice.

May Term,
1858.

MUMFORD
v.
THOMAS.

*Wednesday,
May 26.*

Where positions taken against the judgment below are not argued or support-
ed by authority, they may be considered as waived.

APPEAL from the *Warren* Court of Common Pleas.

WORDEN, J.—This was a suit upon a promissory note, by the appellants against the appellee, for the sum of 125 dollars.

Answer, that the note was given for a mowing-machine, alleging a warranty of the machine, a breach of the warranty, and a return of the machine to the plaintiffs, after due trial, and within a reasonable time, and an acceptance of the machine by the plaintiffs on the return thereof, whereby the consideration of the note had failed.

Replication in denial.

Trial by a jury, and verdict for defendant. Motion for new trial overruled, and judgment on the verdict.

There is a bill of exceptions filed which shows that the decision of the Court in overruling the motion was excepted to, but it does not purport to contain all the evidence. Therefore we cannot inquire whether or not the verdict was sustained by the evidence, but must presume it was. The bill of exceptions shows, that the Court permitted certain evidence to go to the jury, over the objections of the plaintiffs, which, amongst other things, is assigned for error. The record does not inform us that the plaintiffs pointed out to the Court below the grounds of their objections to the testimony. The law is well settled that when an objection is made to testimony, the grounds of the objection must be pointed out, or stated, and that a general objection is insufficient. *Church et al.* v. *Drummond*, 7 Ind. R. 17; *Bird et al.* v. *Lanius, id.* 615.

The plaintiffs asked the following instructions, which were refused, and exceptions taken, viz.:

"That if the defendant has a guaranty with the machine, and he refuses to produce it, it raises a presumption against him that, if it was produced, it would operate against him.

"That parol evidence of the contents of a warranty in writing or printing cannot be given to the jury, unless it is proved by the affidavit of the defendant, or evidence of

any other person, that the said warranty is lost, destroyed or mislaid."

There was no error we think in refusing the first of these instructions, inasmuch as the Court gave another charge, at the instance of the plaintiffs, which goes much farther in their favor than the one refused. It was as follows:

"If it be proved that the defendant has a guaranty with his machine, and he refuses to produce it, the jury will disregard any representation or evidence in regard to the insufficiency of the mowing-machine."

In the charge refused, the Court were asked to charge that the failure to produce the guaranty, would raise a presumption against him, &c., but in the one given the Court charge that the jury will disregard any evidence of the insufficiency of the machine. That goes to the very foundation of the defense, and the plaintiffs, at least, have no cause to complain.

As the evidence is not all before us, we have no means of determining whether the other charge asked and refused was applicable to the case or not. On the supposition that it is correct as an abstract proposition of law, we must presume it was inapplicable, and therefore refused. *Johnson* v. *Vuthrick*, 7 Ind. R. 137. But it is not correct as an abstract proposition of law. There are cases where parol evidence of the contents of written instruments is admissible without proof that they are either lost, destroyed, or mislaid. As, for instance, where the instrument is in the hands of the adverse party, and he fails to produce it on proper notice. There is no error in the refusal to give this instruction.

The Court gave to the jury several instructions to which the plaintiffs excepted; but we see no substantial objections to them. We have not examined them very critically, because no objection has been pointed out. The counsel for the plaintiffs, in his brief, merely says that he thinks from the evidence recited (alluding to the evidence admitted over his objection and set out in the bill of exceptions), that the instructions should not have been given.

It is said in *Payne et al* v. *McClain*, 7 Ind. R. 139, that

May Term,
1858.

THE STATE
v.
BRIDEGROOM.

where the positions taken against the judgment below, are not argued, or supported by authority, they may be regarded as waived.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellants.

*J. R. M. Bryant*, for the appellee.