Nov. Term,
1859.

THE ANDER-
SON BRIDGE
COMPANY
v.
APPLEGATE.

</div>

---

The Anderson Bridge Company *v.* Applegate and Another.

To lay a proper foundation for secondary evidence, it must be shown that the original writing is lost, or destroyed by time, mistake, or accident, or is in the hands of the adverse party, who has had due notice to produce it on the trial.

Error in excluding such evidence cannot be examined by the Supreme Court, unless the record show a motion for a new trial.

APPEAL from the *Perry* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, brought an action against *The Anderson Bridge Company*, upon two promissory notes, each for the payment of 700 dollars, and each of which bears date *October* 1, 1854.

Defendants, in their answer, aver substantially that, in the year 1854, they entered into a written contract with the plaintiffs, whereby they agreed to construct a bridge across *Anderson River*, in *Perry* county, according to a plan furnished by them, the sufficiency of which they guarantied, and for the construction of which, in accordance with such plan, the defendants agreed to pay the plaintiffs 4,400 dollars; that, under this contract, the plaintiffs commenced the work, and during the progress of it the defendants paid them the whole consideration stipulated in

*Tuesday, December 6.*

Nov. Term,
1859.

THE ANDER-
SON BRIDGE
COMPANY
v.
APPLEGATE.

the contract, save the several amounts specified in the notes in suit. The answer avers that plaintiffs constructed the bridge on the plan by them furnished; but the same, as constructed, is not a good, substantial, strong bridge; but, on the contrary, is defective and weak—so much so that defendants have been compelled to expend a large sum, viz., 700 dollars, in erecting and placing hog-chains and stays across said bridge, and placing wooden bents under it, to prevent the same from falling down, &c.

To this the plaintiffs replied, *inter alia*, that at the time of the execution of said notes, the defendants inspected the bridge, and received it from the plaintiffs as cempleted and finished according to the terms of said written contract, and executed the notes sued on, in full and final settlement of all matters in controversy between the parties in relation to the construction of the bridge; and that defendants then and there, with the consent of the plaintiffs, canceled and destroyed the aforesaid written contract, and the same was, by agreement of the parties, to be thereafter inoperative.

There was a verdict in favor of the plaintiffs for 1,694 dollars, the full amount of the notes and interest, upon which the Court rendered judgment, &c.

The record contains a bill of exceptions, wherein it is shown that, upon the trial, the defendants offered in evidence a true copy of the written contract referred to in the pleadings; but the Court refused their offer, on the ground that the original contract had been burned with their consent.

The rule seems to be, that in order to lay a proper foundation for secondary evidence, it must be shown that the original writing was lost, was destroyed by time, mistake, or accident, or was in the hands of the adverse party, who had due notice to produce it on the trial. 2 Phil. Ev., 4 Am. ed., 516, *et seq.*, and cases there cited. This doctrine has been fully recognized in this Court. Thus, in *Speer* v. *Speer*, 7 Ind. R. 179, it was held that proof of the contents cannot be permitted, if the deed has been surrendered or destroyed by the party's own voluntary act or conduct.

See, also, *Thompson* v. *Thompson,* 9 *id.* 323; *Smith* v. *Reed,* 7 *id.* 243.

If these expositions of the law be correct, and we think they are, the decision of the Circuit Court cannot, in this instance, be held erroneous.

But it is insisted that, though the Court below may have committed the alleged error, still, there being no motion for a new trial, such error is not examinable in this Court. This position is well taken. The eighth statutory cause for a new trial is "error of law occurring at the trial, and excepted to by the party making the application. 2 R. S. p. 117, § 352. Under this provision, we have repeatedly decided that errors in rejecting proper, or giving improper, testimony, cannot be assigned in the Supreme Court, unless the record shows affirmatively that such errors, upon motion for a new trial, were pointed out in the lower Court. *The State* v. *Swarts,* 9 Ind. R. 221.—*Kent* v. *Lawson,* at the last term (1). The latter case is decisive of the point under consideration. Perk. Pr. 308, *et seq.*

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*A. L. Robinson* and *D. T. Laird,* for the appellants.

*L. Q. DeBruler* and *B. Smith,* for the appellees.

(1) 12 Ind. R. 675.