## Egbert et al. *v.* Mercer.

Sheriff's Sale.—*Injunction of Sale on Vendi. after Death of Judgment Plaintiff.—Contract to Preserve Lien.—Widow.—Insolvency.*—In an action by the judgment defendant, against a sheriff and others, to enjoin the sale of personal goods seized on an execution issued on a judgment after the death and in the name of the judgment plaintiff, and without the appointment of any administrator or executor, the defendants answered that the judgment plaintiff had died intestate, and free from debt, leaving his widow as his only heir; that in his lifetime, after the issue of execution and a partial payment thereon, the judgment plaintiff had extended the time of payment on the agreement of the judgment defendant, that successive executions might remain in the hands of the sheriff, as a lien on the property; that, after his death, such agreement was continued between his widow and the judgment defendant, and partial payment was made by the latter to her, and delivery bonds executed by him as each execution issued;

that he had become utterly insolvent, having no other property out of which the execution could be satisfied ; that the execution complained of was a *vendi.* issued for the sale of such property ; and that an administrator of the intestate has been appointed since the filing of the complaint. *Held,* on demurrer, that the answer is good.

From the Elkhart Circuit Court.

*R. M. Johnson, J. D. Osborn* and *E. G. Herr,* for appellants.

*J. H. Baker, J. A. S. Mitchell* and *H. D. Wilson,* for appellee.

PERKINS, J.—Milton Mercer filed a complaint in the Elkhart Circuit Court, in which he alleged, " that on the 21st day of March, 1872, one Samuel H. Kinsey obtained, in the Elkhart Circuit Court, a judgment against him for $742.50 and costs; that a portion of said judgment is still unpaid; that on the 2d day of April, 1873, said Kinsey died, leaving a widow, unpaid debts and an unsettled estate ; that he died testate, leaving a will in which he made divers large bequests ; that on the 10th day of November, 1873, Rush M. Johnson, pretending to be the attorney of said Kinsey, deceased, caused a pretended execution to be issued by the clerk of said court upon said judgment, in favor of said deceased plaintiff, and against the goods and property of the plaintiff in this suit, and caused the same to be unlawfully levied upon his goods, and he, supposing an administrator had been appointed or executor qualified upon said estate of said Kinsey, deceased, who had procured the issue of said execution, executed a delivery bond for the property levied on ; that afterward said Johnson · procured a *vendi.* for the sale of said property to be placed in the hands of ―――― Egbert, the sheriff, who is about to sell said property thereon," etc.

Copies of the execution, etc., were made exhibits. He prayed an injunction. A temporary injunction was granted.

Afterward a demurrer was overruled to the complaint, and an answer, as follows, was filed : It admitted the obtaining of the judgment, the death of Kinsey, etc., but averred that prior to his death an execution was issued and delivered to said sheriff, and became a lien on the property levied on ; that, in consideration that said Kinsey would give further time on said judgment, said Mercer, plaintiff in this suit, in said Kinsey's lifetime, agreed with him that an execution should remain continuously in said sheriff's hands, so as to keep in force the lien on said goods, until said judgment should be paid ; that, in pursuance of said agreement, the said subsequent executions were issued ; that they deny that there are any debts of said decedent unpaid, and deny that he died testate, but averred that he died intestate, leaving Mary Kinsey his widow and sole heir, who thereupon assumed the control of his estate, and, in pursuance of the agreement above mentioned, caused an execution to be issued in the name of said Samuel H. Kinsey ; that thereupon the plaintiff, Mercer, knowing the death of said Samuel H., and recognizing the right of said Mary Kinsey to said judgment, paid to her the sum of $200, and agreed with her, in consideration that she would give him further time for the payment of the remainder of said debt (and in pursuance of said original agreement), that he would turn out to the sheriff, upon said execution, enough personal property to secure the same ; that afterward, viz.; November 10th, 1873, the said Mary caused another execution to issue in the name of Samuel H. Kinsey, upon said judgment, and the plaintiff, well knowing the fact, paid thereon to the sheriff and to said Mary, the further sum of $450, on November 21st, 1873, and then and there agreed with said Mary, that if she would give further time for the payment of the remainder on said execution, and in consideration therefor, he, the plaintiff, said Mercer, would

turn out to the sheriff thereon personal property sufficient to secure the same, and pay to her the amount remaining due on said judgment; that pursuant to said agreement said Mary did give further time, and the plaintiff did turn out to the sheriff, and the sheriff did levy said execution on, the personal property mentioned in the complaint, which is the levy and seizure therein referred to, and thereupon the plaintiff, Mary, executed a delivery bond for the return of said goods to the sheriff in case he did not pay said execution; that said Mary Kinsey, relying upon said promises of said plaintiff, delayed the collection of said judgment, till the 15th day of May, 1874, when she caused the *vendi.* referred to in the complaint to be issued, and the said goods to be seized by virtue thereof; that, at said last mentioned date, said plaintiff was wholly insolvent and had transferred and incumbered said property, so that the collection of said debt could not be made under a new execution issued upon said judgment, and the plaintiff still remains wholly insolvent, with no property from which said debt can be collected unless said sale be allowed to proceed; that defendant Johnson acted only as agent and attorney in all that he did in said matter, and said defendant Egbert acted as sheriff in the levy and seizure of said goods, and as such was proceeding to sell the same at the time of filing the complaint herein. And defendants further aver, that since the beginning of this action, viz., on the 11th day of February, 1875, Thomas Miller was duly appointed administrator of said estate of Samuel H. Kinsey, deceased, and will be entitled as such, to receive all moneys collected on said judgment.

The court sustained a demurrer to this answer, for want of facts, and exception was entered.

The defendants declined to amend or answer further, and the court granted a perpetual injunction. Appeal and submission of the cause by agreement.

In the assignment of errors, two are alleged:

1.  Overruling the demurrer to the complaint;
2.  Sustaining the demurrer to the answer.

Joinder, denying that there is any error in the record.

We condense a statement of facts mostly from the answer:

On the 21st of March, 1872, Samuel H. Kinsey obtained, in the Elkhart Circuit Court, a judgment against Milton Mercer, for $742.50; during the lifetime of said Kinsey an execution was issued upon said judgment; in consideration that an execution was to be kept continuously in the hands of the sheriff so that the lien of the first execution should not be lost, said Kinsey extended the time on said execution; that on the 2d day of April, 1873, said Kinsey died, intestate, leaving no debts to be paid, and a widow who was his sole heir, and assumed the control of the estate of the deceased, and the collection of said judgment; that said Mercer continued the arrangement with said widow and heir, for the keeping in the hands of the sheriff an execution to perpetuate the lien on the property, in consideration of time given, said Mercer regularly executing delivery bonds for the property; that he paid to said widow and heir, at one time, $200, and at another $450, making in all $650 of said $750 judgment; that, on the 18th of May, 1874, said widow and heir caused a *vendi.* to issue for the sale of said property then levied upon and for the surrender of which for sale a delivery bond was held, etc.

And the question arises, what necessity for, what merit was there in, this application for an injunction? What justice was there in granting it? See 2 R. S. 1876, p. 93, sec. 137, as to when injunctions may issue; also Bicknell Civil Prac. 175, *et seq.*

Mercer, the appellee, owed the money due on the judgment. This is conceded. Could he have safely paid it on the execution? We think so, for two reasons:

1.   The judgment was the property of said widow and heir of the deceased, Samuel H. Kinsey; the execution was issued at her instance, and her reception of and receipt for the money due upon it would have been a complete discharge of Mercer, the execution defendant. No administrator existed, and none was required. *Westerfield* v. *Spencer*, 61 Ind. 339.

It was not necessary that the judgment should have been revived before execution issued. *Armstrong* v. *McLaughlin*, 49 Ind. 370.

2.   The execution issued was not void, and a sale under it might have been valid. Payment of the execution to the sheriff would have been valid.

In this case, it will be borne in mind, it was the execution plaintiff, not the execution defendant, who died. In *Murray* v. *Buchanan*, 7 Blackf. 549, it is decided that:

" If the plaintiff die after a *fieri facias* sued out, it may be executed notwithstanding, and his executor or administrator shall have the money ; or if the plaintiff has made no executor, or administration is not granted, the money must be brought into court and deposited, until there be a representative to receive it." *Doe* v. *Hayes*, 4 Ind. 117 ; *Ewing* v. *Hatfield*, 17 Ind. 513.

A *vendi.* may issue after the death of the judgment plaintiff. *Doe* v. *Hayes, supra.*

The irregularities in this case were all committed under an agreement with the execution defendant, and for his benefit, and were, therefore, waived by him. To this point, the authorities are numerous and direct. *McClure* v. *McCormick*, 5 Blackf. 129 ; *Doe* v. *Harter*, 1 Ind. 427 ; *Doe* v. *Dutton*, 2 Ind. 309 ; *May* v. *Johnson*, 3 Ind. 449 ; *Cooley* v. *Harper*, 4 Ind. 454; *The State* v. *Melogue*, 9 Ind. 196 ; *Stockwell* v. *Byrne*, 22 Ind. 6 ; *Sullivan* v. *Winslow*, 22 Ind. 153 ; *Culbertson* v. *Milhollin*, 22 Ind. 362 ; *Zug* v. *Laughlin*, 23 Ind. 170.

As to the death of the judgment defendant, our statute, sec. 488, 2 R. S. 1876, p. 222, provides that:

" The death of the defendant, after the execution is placed in the hands of the sheriff to be executed, shall not affect his proceedings thereon, that the amount of property, allowed absolutely to the widow of the decedent, shall be exempt from levy and sale under such execution." See the notes to this section. The court erred in sustaining the demurrer to the answer.

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.