Coonrod *v.* Madden.

No. 14,609.

COONROD *v.* MADDEN.

EVIDENCE.—*Action on Note.—Instrument Collateral to Issue.—Parol Evidence of Contents.*—Where, in an action on a note, under a plea of payment, the defendant introduced in evidence a check executed by him to the plaintiff, which he testified was received in part payment by the plaintiff of the note, but which the plaintiff claimed had been received in part payment of another note which had been surrendered to the defendant, it was competent for the plaintiff, without proof of loss of the note surrendered, or notice to the defendant to produce it, to prove its contents by parol.

From the Knox Circuit Court.

*G. G. Reily,* for appellant.

*T. R. Cobb* and *O. H. Cobb,* for appellee.

COFFEY, J.—This was a suit by the appellee against the appellant upon a promissory note. Answer: Payment. Reply: General denial. Trial by the court; finding and judgment for the appellee, over a motion for a new trial, for the full amount of the note, with reasonable attorney's fee. The assignment of error calls in question the propriety of the ruling of the circuit court in overruling the motion for a new trial.

No brief is filed in the cause on behalf of the appellee, and by reason of that fact we are not informed as to the ground upon which the court made its several rulings in his favor.

On the trial of the cause the appellant introduced and read in evidence a certain check executed by him to the appellee, and also testified that such check was given and received in part payment of the note in suit.

The appellee, over the objection of the appellant, was permitted by the court to testify that the check was received by him in part payment of another and different note from the one in suit, giving the date and amount of said note, and its rate of interest. He also testified that the appellant had

paid the note to him in full, and that it had been surrendered to the appellant.

The objection to this evidence, stated by the appellant to the court at the time of its introduction, was that it was secondary, and that the appellee could not give evidence of the contents of such note without first proving its loss, or serving notice upon the appellant to produce it in court to be used as evidence in the cause.

It is undoubtedly the general rule that before parol evidence can be received of the contents of a written instrument, it must be shown that such instrument is lost or destroyed, or that such instrument is in the hands of the party against whom the evidence is offered, and that upon proper notice so to do he has failed to produce the original in court to be read in evidence. *Smith* v. *Reed*, 7 Ind. 242; *Mumford* v. *Thomas*, 10 Ind. 167; *Manson* v. *Blair*, 15 Ind. 242; *Anderson, etc., Co.* v. *Applegate*, 13 Ind. 339; *Frazee* v. *State*, 58 Ind. 8; *McMakin* v. *Weston*, 64 Ind. 270.

But there is a well defined and well established exception to this general rule. The general rule has no application where the written instrument is merely collateral to the issue; as where the parol evidence relates to matters distinct from the instrument of writing, although the same fact could be proved or disproved by the writing. Wood Practice Evidence, p. 4.

In the case of *Daniel* v. *Johnson*, 29 Ga. 207, it was held that payment might be proved by parol to have been made in promissory notes, without the production of the notes. The rule is that where the parol evidence is as near the thing to which the witness testifies as the written evidence, then each is primary. Wharton Law of Evidence, section 77.

The case of *Hewitt* v. *State*, 121 Ind. 245, is analogous, in principle, to the case under consideration. In that case Hewitt was charged with maliciously killing a dog. The State was permitted to prove by parol that the dog in question had been listed for taxation, over the objection of Hewitt

that the tax list, returned by the assessor, was the best evidence of that fact. In answer to the objection this court said : " The substantive fact to be proved was that the dog killed had been listed for taxation, and the rule is that where parol evidence is as near the fact testified *to as the written,* then each is primary. The rule which requires the production of written instruments in evidence has no application when the instrument is merely collateral to the issue, and where the fact to be proved relates to a subject distinct from the writing."

In this case had the note upon which the appellee claimed the check read in evidence had been applied, been produced in court, the parties would have been as far from the real controversy between them as they were before its production, namely, the question as to whether the check was applied on that note or the note in suit. For this reason we think the case falls within the exception to the general rule above stated.

The plea of payment filed by the appellant was no notice to the appellee that he would insist that the check read in evidence was a payment on the note in suit, and so there was no occasion to serve notice to produce, to be read in evidence, the note on which it was actually applied. To hold that notice must be served in order to authorize evidence of the existence of a written instrument, coming collaterally in question like the case before us, would result in much inconvenience, and would often result in defeating the ends of justice. It will be observed that the contents of the note which had been paid were immaterial to the controversy, save as they furnished evidence of the existence of a debt to the payment of which the check read in evidence might have been applied.

In our opinion the court did not err in admitting the evidence of which complaint is made.

Judgment affirmed.

Filed Nov. 25, 1890.