No. 1,056.

## NEWTON ET AL. *v.* DONNELLY.

PLEADING.—*Sufficiency of Complaint.—Sale.—Real Estate.—Broker.— Commission.*—In an action by a real estate agent, or broker, in which a commission of $250 is claimed for making a sale to A. of defendant's real estate, according to his contract with defendant, viz: Purchase-price, $5,000, of which $1,000 was to be paid in cash, and the remainder in annual installments of $1,000 each, to be evidenced by the notes of the purchaser to the vendor, secured by mortgage on said real estate, for the making of which sale plaintiff was to receive $250 commission. The complaint sets out the above contract, and avers, further, that plaintiff sold the real estate mentioned in the contract, to A., for $5,000, and "upon the terms aforesaid."

*Held,* that the phrase "upon the terms aforesaid," covers all the details as to the terms, and it was not necessary that each item of such terms of payment should be repeated, and that the complaint was sufficient on demurrer.

EVIDENCE.—*Secondary Evidence.—When Admissible.—Parol Testimony as to Contents of Telegram.*—The defendant, in an action, testified that he had received a telegram from the plaintiff, germane to the issue; that he had given the telegram to B.; that he had searched for it through his (defendant's) papers and desk and safe, and went to the telegraph office to get a copy; that he thought he had not destroyed the telegram; and, on cross-examination, that he did not know that he gave the telegram to B. On such preliminary proof, defendant was permitted to testify as to the contents of the telegram.

*Held,* that such proof shows neither a loss nor destruction of the telegram, nor that reasonable search had been made for the same, and that the secondary evidence was not admissible.

SAME.—*Parol Evidence of Contents of Letter in Possession of Opposite Party.—When Admissible.*—Before secondary, or parol, evidence can be given as to the contents of a letter alleged to be in the possession of the opposite party, it must be shown that notice was duly served upon the opposite party to produce the same, and his failure to do so, or that the letter has been lost or destroyed.

From the Madison Circuit Court.

*W. A. Kittinger, L. M. Schwinn* and *H. D. Thompson,* for appellants.

*E. D. Reardon, J. R. Thornburgh, E. B. Goodykoontz* and *G. M. Ballard,* for appellee.

REINHARD, J.—The appellee's complaint in this action was in two paragraphs. The appellants jointly and severally demurred to each paragraph of the complaint, which demurrers were overruled and exceptions reserved. This ruling the appellants have jointly and severally assigned as error.

The first paragraph is a declaration on an open account for $250, for services rendered the appellants by the appellee, in the sale of certain real estate for them at their special instance and request, a bill of particulars of which is set out, stating that the appellants are indebted to the appellee for "services rendered in selling and making sale of their real estate in the city of Anderson, Ind., to Dr. W. A. Gabbert—$250."

It is averred that this sum is due and wholly unpaid, and a judgment is demanded for $300.

No defect is pointed out as to this paragraph, and we think it states a substantial cause of action against both appellants.

In the second paragraph, it is alleged that appellee was a real estate broker, and that, sometime in the year 1891, the appellants employed and contracted with him to sell for them the real estate described, being a house and lot in Anderson, Ind.; that in consideration of said appellee's selling said real estate for the appellants, at and for the price of $5,000, on the terms following, viz, $1,000 cash, at the time of the execution of the deed by the appellants to the purchaser, and the remainder in annual installments of $1,000 each, to be evidenced by the notes of the purchaser to the appellants, secured by mortgage on said real estate, the appellants promised to pay the appellee the sum of $250 for the services of making such sale for them.

It is further averred that afterwards, on the 14th day of July, 1891, the appellee, in pursuance of said con-

tract and agreement with appellants, sold said real estate to one William A. Gabbert, for the sum of $5,000, and upon the terms aforesaid; and that said Gabbert and the appellants entered into a written contract on said day, by the terms of which the appellants agreed to sell, and said Gabbert agreed to buy, said real estate as aforesaid; that afterwards, the appellants wholly refused to perform or carry out said contract with said Gabbert, or make a deed of said real estate to him; and that the appellants have failed and wholly refused to pay the appellee the said sum of $250, or any part thereof, as agreed upon, although requested to do so; and that said Gabbert was at all times ready, willing and able, and had the means to carry out and perform his part of said written contract with the appellants; that said sum of $250 is now due and wholly unpaid.    Wherefore, etc.

The appellants object to this paragraph, because it fails to state that Gabbert agreed to purchase the real estate for $5,000, or that he ever, at any time, had the $1,000 in cash, or that he ever executed, or agreed to execute, his notes with a mortgage upon said real estate.

The objection to this complaint is not well taken. The averment that the appellants sold the real estate to Gabbert for $5,000, and "upon the terms aforesaid," covers all the details as to said terms, and it was not necessary that each item of such terms of payment should be repeated.    The demurrer was properly overruled.

Error is specified upon the overruling of the appellants' motion for a new trial.    One of the grounds of the motion was alleged error occurring at the trial in permitting the appellee Donnelly to testify to the contents of a telegram received by him from the appellant Edward E. Newton, and another in permitting said Donnelly to give in evidence his recollection of the contents of a letter which the appellee wrote to said Edward E. Newton rela-

tive to the sale of the property. The basis of the objections was that the telegram and letter furnished the best evidence of their contents, and that no sufficient preliminary proof had been made to admit of secondary evidence.

Donnelly testified, in chief, that he had given the telegram to Dr. Gabbert; that he searched for it through all his (Donnelly's) papers and desk and safe, and went to the telegraph office to get a copy; that he thought he had not destroyed the telegram. On cross-examination, he stated that he did not know that he gave the telegram to Dr. Gabbert, and with this preliminary proof he was permitted to give its contents.

As to the letter, Donnelly testified that in reply to the telegram he wrote Newton a letter. What he did with the letter, and if he sent it to Newton, whether he did so by due course of mail, duly stamped, or by private messenger, does not appear from his testimony.

Edward E. Newton was here called to the stand, in behalf of appellee, and asked if he had the letter in his possession, to which he answered that he did not believe he had such a letter in his possession, and had but a very faint recollection of ever receiving *any* letter from Donnelly; that if he had received such letter he did not have it in possession then. Upon being asked by appellee's counsel if it was lost, he replied: "It is lost to me; I have not looked in my satchel; I lost the key," and that if he had the letter anywhere, it would be in his satchel. He further stated that he thought he could swear positively that he never received a letter from Donnelly; that he did not think he received a letter.

Donnelly was then recalled, and, over appellants' objection and exception, was permitted to testify to the contents of the letter.

The telegram and letter both related to the subject of the litigation, and if they were as testified to by Don-

nelly, constituted a part of the contract relied upon by the appellee for a recovery in this case. They were, therefore, of the highest character of evidence, and not mere collateral matters.

Ordinarily, secondary evidence of the contents of a writing can not be given until its loss or destruction has been proved, or it appears that *bona fide* and diligent search had been unsuccessfully made for it where it was most likely to be found, and, in general, the loss must be proved by the person in whose hands it was at the time of the loss, or to whose custody it is traced, if he be living. *Murray* v. *Buchanan, Admr.*, 7 Blackf. 549; *Meek* v. *Spencer, Admr.*, 8 Ind. 118; *Frazee* v. *State*, 58 Ind. 8; Wood Prac. Ev., section 9.

If it be claimed that the writing is in possession of the adverse party, parol evidence of its contents can not be given until it is shown that notice has been served upon such party to produce the same, a reasonable time before the trial, and he has failed to do so. *Smith* v. *Reed*, 7 Ind. 242; *Mumford* v. *Thomas*, 10 Ind. 167; *Williams* v. *Jones*, 12 Ind. 561; *Duringer* v. *Moschino*, 93 Ind. 495; Wood Prac. Ev., section 10; 1 Greenleaf on Ev., section 87.

Our statute provides how a party may be served with notice to produce any paper, document, or book in his possession, which is to be used in evidence, and that parol evidence of its contents may be given only upon failure to produce. 1 R. S. 1894, section 487.

The preliminary proof in the case before us was clearly insufficient to allow the admission of secondary evidence in both instances. If Donnelly's testimony proves anything, it proves that the telegram was still in existence. He first said he gave it to Gabbert, but thinking he might be mistaken about that, he searched through his desk, safe, and papers, but he neither stated what the result of

the search was, nor that he had searched in every place where he usually kept such papers. Dr. Gabbert was not interrogated upon the subject.

In our opinion, this proof shows neither a loss nor destruction of the telegram, nor that reasonable search had been made for the same.

With regard to the letter, the proof is equally unsatisfactory. Newton either denied having received such a letter, or showed that if it was received it might be in his satchel. It certainly can not be claimed that proof of its loss was made by Newton. If his testimony is to be taken as a denial of having ever received such a letter, so much greater is the necessity for either producing the original or paving the way for secondary evidence by the regular mode. 1 Greenleaf on Ev., section 88.

If, however, the testimony of Newton can be taken as an admission that he may have received the letter, then parol evidence of its contents could only be given by showing that notice had been duly served upon him, or that the letter was lost or destroyed. Neither of these facts was established.

If the letter and telegram had been about some collateral matters, or it had been shown that they were of a character of papers not of sufficient importance to have preserved, the question presented might be different. But we do not think it safe or proper to depart from the rule concerning the requirement of preliminary evidence when the paper or document is of the character of those with which we are here dealing.

For these errors, we think the appellants were entitled to a new trial.

Other questions presented may not arise again, and we need not, therefore, consider them.

Judgment reversed.

Filed March 6, 1894.