44 APPELLATE COURT OF INDIANA,

University, etc., *v.* Winkler Bros. Mfg. Co.—42 Ind. App. 44.

## UNIVERSITY OF NOTRE DAME DU LAC *v.* WINKLER BROTHERS MANUFACTURING COMPANY.

[No. 6,193. Filed June 4, 1908.]

1. EVIDENCE.—*Oral, to Establish Contents of Writing.—When Admissible.*—Oral evidence of the contents of a writing, where it goes to the proof of the issue, is inadmissible except upon proof that the writing cannot be produced, or that it is in the hands of the adverse party and he has failed, upon due notice, to produce same. p. 46.

2. SAME.—*Oral, to Establish Contents of Writing.—Harmless Error.—Appeal.*—Where a witness was improperly permitted to testify to the contents of a writing, such error cannot be held harmless on the ground that witnesses for the opposite party also testified thereto, where the record fails to show that witnesses so testified. p. 47.

From Laporte Circuit Court; *John C. Richter,* Judge.

Action by Winkler Brothers Manufacturing Company against The University of Notre Dame du Lac. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Hubbard & Hubbard* and *James S. Drake,* for appellant. *Harry R. Wair,* for appellee.

HADLEY, J.—This action was originally brought by appellee in the St. Joseph Circuit Court to recover damages from appellant for breach of a special contract. The complaint was in one paragraph. The venue was changed to the Laporte Circuit Court, where appellee dismissed the first paragraph of the complaint and filed a second paragraph, the theory of which was for a *quantum meruit* for services rendered, and expenses, advancements and disbursements made in procuring options in buying land for appellant.

It will assist in understanding this opinion to state the issues of fact between the parties. The appellee contended, and its evidence tended to show, that the parties agreed that the appellant would give to the appellee ten acres of land

for a factory site, to its satisfaction, with railroad, street-car and drainage facilities, if the appellee would procure options for appellant under which appellant could acquire a body of real estate near South Bend, Indiana. No specific tract of ten acres was identified, nor were any particular facilities fixed.

Appellant contended, and its evidence tended to show that there was a joint enterprise between the parties from which both expected benefits, that they entered into an agreement by which appellant was to give to appellee ten acres for a factory site on the land to be acquired. The appellee agreed to get the Grand Trunk Railway Company to build a spur to the appellant's grounds, to erect a factory of agreed dimensions, operated by electricity, and to procure options under which appellant could acquire the land in question, and in case appellee failed in the enterprise it should make no claim for compensation.

The options were obtained and the land bought by appellant. The Grand Trunk Railway Company declined to build the spur, except on terms that neither of the parties would accept. The appellee refused to take ten acres out of the land bought, and now sues on the *quantum meruit* for the value of its services in procuring the options.

No question is raised on the sufficiency of the complaint, and we decide nothing with regard thereto. All questions are presented upon the ruling on the motion for a new trial.

On the trial of the cause it appeared that at the first conference between the parties, and, as a basis, or at least an inducement, for the agreement that was subsequently entered into, appellee exhibited a document, which was called an option on ten acres of land for a factory site on one of the tracts of land that was afterwards bought, known as the Judie tract. Appellee's president, after testifying to the execution of this option, and that it was presented to the managing officer of appellant company and read by him at the first conference, was permitted to testify, over

objections of appellant, as to its terms and conditions, without any proper showing that said written instrument could not be produced and introduced in evidence.   The question of the admissibility of this evidence is properly presented to this court, and it is earnestly insisted by appellant that its admission constituted reversible error.

It is a well-established rule that parol evidence of the contents of a written instrument that goes to the proof of the issue is inadmissible until it is shown to the satisfaction of the court that the instrument itself, after diligent effort in that behalf, cannot be produced, or that the same is in the hands of the adverse party, and such adverse party has been properly notified to produce it at the trial, but fails to do so.   *Newton* v. *Donnelly* (1894), 9 Ind. App. 359; *Frazee* v. *State* (1877), 58 Ind. 8; *Coonrod* v. *Madden* (1890), 126 Ind. 197; 1 Greenleaf, Evidence (16th ed.), §275 *et seq.*   Appellee does not deny this rule, but contends that the testimony in question was on a collateral matter, and therefore presents an exception to the general rule, and cites numerous cases in support of this contention, among them being *Coonrod* v. *Madden, supra,* where the court states the exception as follows:   "The general rule has no application where the written instrument is merely collateral to the issue; as where the parol evidence relates to matters distinct from the instrument of writing, although the same fact could be proved or disproved by the writing."

If the testimony, with regard to the option, was only introduced for the purpose of showing that an option had been entered into, and its general terms described merely for identification, and its conditions and stipulations had no bearing upon the issue, then appellee's position might be tenable.   But it appears from the record that the effect of the testimony went much further than this, and it also appears that appellee so intended that it should.   Appellee admits in its brief that the testimony was within the issues and tended to support the allegations of the complaint.   It is

MAY TERM, 1908. 47

University, etc., *v.* Winkler Bros. Mfg. Co.—42 Ind. App. 44.

shown by the record that appellee sought to make it appear that this option was of value to it; that it was surrendered to appellant, and was the inducement and part of the consideration for the agreement that was entered into between appellant and appellee. It also tended to support appellee's contention that for securing the options on the land purchased it was to have something more than a ten-acre factory site free, for that it already had, under the option in question, if its terms were as testified to. Its probative force and effect, therefore, were dependent upon its terms and conditions. These being material, the best proof of them was the instrument itself. And when this could be had, or in its absence, when there was no showing of an effort to procure it, parol proof thereof was inadmissible.

Appellee also contends that certain witnesses for the appellant testified to the contents of this option, and hence the error, if any, was rendered harmless. We have 2. searched the record and fail to find such testimony. The option is referred to a number of times by numerous witnesses, two of whom at least were witnesses for appellant, but none of whom pretends specifically to give its conditions, but describe it in general terms. In view of the sharp conflict in the evidence on all material points and the prominence and argumentative force that was given the terms of the option, we cannot say the error was harmless.

Many other questions are presented that may not arise on a retrial, and are therefore not considered.

Judgment reversed.

Roby, J., absent.