KELSCH *v.* ELDRIDGE

[No. 17,826. Filed April 18, 1949.]

*Stevenson & Kendall,* of Danville, for appellant.

*Davidson, Raber & Gibbs,* of Danville, for appellee.

CRUMPACKER, C. J.—This litigation grows out of an oral contract made by the parties herein on September

1, 1946, as to the nature of which there is violent dis-
agreement. The appellant insists that on said date
he employed the appellee as a laborer to assist him in
the planting, cultivating and harvesting of certain
farm crops during the year of 1947 and agreed to pay
him a percentage of said crops in kind for his serv-
ices. The appellee, on the other hand, contends that
the contract in dispute created the relation of landlord
and tenant between the appellant and him and that
the appellant's share of the crops was the rental he
was to pay for the use of the land. Whatever may have
been the nature of said contract, differences between
the parties developed, and the appellee moved off the
appellant's farm about the middle of October, 1947,
leaving a considerable acreage of standing corn which
the appellant subsequently harvested and kept for his
own use. The appellee thereupon brought this suit to
recover the value of his alleged share thereof. Issues
were joined by an answer agreeable to the rules and
a set-off. The case was tried to the court and resulted
in a judgment for the appellee in the sum of $495.
The appellant's motion for a new trial was overruled
and this appeal was perfected in due course.

Chronologically the first error assigned concerns the
admission in evidence, over the appellant's objection,
of "Plaintiff's Exhibit I." The evidence is undisputed
to the effect that the appellant kept a book of original
entry covering the farming enterprise in which the
costs of seed corn, gasoline and oil used in the opera-
tion were itemized and the contributions of each of
the parties thereto were indicated. The appellee testi-
fied that the farming operation for 1947 was completed
in August, except for harvesting the corn, and during
that month he and the appellant met in an effort to
settle their accounts as of that date. During this con-
ference the appellant's account book was exhibited and

the appellee's wife made a copy of various items contained therein. This copy constitutes "Plaintiff's Exhibit I" above mentioned.

It is clear that the appellant's account book is the best evidence of its contents and that, by the introduction of "Plaintiff's Exhibit I," the appellee sought to prove such contents by secondary evidence. Since the law requires the best evidence unless a necessity is shown for the introduction of secondary evidence, it was error for the court to admit a copy of the appellant's account book without a showing that the original could not be produced. *Gallivan* v. *Stickler* (1918), 187 Ind. 201, 118 N. E. 679; *Eubanks* v. *Gulley* (1932), 94 Ind. App. 650, 182 N. E. 95. This the appellee made no effort to do. There is no evidence whatever that the original book was lost, destroyed or otherwise unavailable. It may reasonably be inferred that it was in the hands of the appellee's adversary but even under such circumstances secondary evidence as to its contents was not admissible until notice had been given to the appellant to produce it at the trial and he failed to do so. Burns' 1946 Replacement, § 2-1644; *Newton* v. *Donnelly* (1894), 9 Ind. App. 359, 36 N. E. 769.

In admitting this evidence the trial court said: "All I want to do is to get to the truth of it. I am going to allow this to go in and if it is not true you can show that." It is difficult to quarrel with the sincere desire of any court to learn the truth but through the years a body of principles governing the admission of evidence in the trial of law suits has developed and experience has demonstrated that a strict adherence thereto is best calculated to develope the truth and its corollary ultimate justice. The appellant's account book is infallible evidence of its contents. A copy, the accuracy and correctness of which was not shown, may

not be. It seems to us that an effort to arrive at the truth required a resort to the original document rather than to an unauthenticated copy and imposing on the appellant the unwarranted burden of proving it false.

Equally important questions, concerning the nature of the contract and the court's finding on the set-off, are presented by this appeal but on a retrial of the cause they can readily be avoided and we see no need for further comment.

Judgment reversed with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 87 N. E. 2d 664.