NEWYORK,
October, 1816.

JOHNSON
v
HAIGHT.

———※———

## JOHNSON *against* HAIGHT AND MATHEWS.

*The contents of a notice to the endorser of a promissory note, of a demand upon, and a refusal by, the maker, may be proved by parol, or by producing a copy made by the witness at the time of making the original; and it is not necessary that notice to produce the original should have been given.*

*Payment of a note must be demanded of the maker, in order to charge the endorser, upon the third day of grace, or if the third day falls upon a Sunday, then upon the second day of grace.*

THIS was an action of *assumpsit*, against the defendants, as endorsers of a promissory note. The cause was tried before Mr. Justice *Yates*, at the *Seneca* circuit, in *June*, 1816.

The note in question was executed by *William Low*, dated the 26th of *May*, 1815, and payable to the defendants, six months after date, for 427 dollars and 19 cents. The plaintiff proved a demand made at the house of the maker of the note, upon his agent, (the maker being absent,) on the 30th of *November*, next after the date of the note, and his refusal to pay. The same witness, who proved the demand and refusal, also proved that he sent a notice thereof to the defendants by the next mail, after the demand was made, and produced, and offered to read, in evidence, a copy of the notice which was made at the time of making the original. The defendants' counsel objected to reading the copy, unless notice had been given to produce the original, but the objection was overruled by the judge, and the copy permitted to be read. The plaintiff having rested his cause, the counsel for the defendants then moved for a nonsuit, on the ground that the demand upon the maker of the note ought to have been made on the 29th day of *November*, next after the date of it; but the judge overruled the objection, and the jury, by his direction, found a verdict for the plaintiff.

The case was submitted to the court without argument.

SPENCER, J., delivered the opinion of the court.
The first point made by the defendants cannot be maintained;

it has been decided in this court, that a notice to prcduce a paper might be proved by *parol.* (3 *Caines,* 174. *Turner* v. *Wilson.*) It was held, in *Peytonv* v. *Hallet,* (1 *Caines,* 364.,) that an abandonment in writing might be proved by *parol.* Another ground, equally decisive, is, that the copy of a notice retained by a witness is to be regarded as a duplicate original, and such duplicate is good evidence, without notice to produce the other. (*Philips on Evidence,* 342.)

On the second point, the defendants are entitled to judgment. The third day of grace fell on the 29th day of *November,* and payment was not demanded of the maker until the 30th. The law is perfectly settled, that a note must be demanded on the third day of grace, unless that falls on *Sunday,* and then it must be demanded on the second day of grace. (2 *Caines,* 343. 16 *East,* 250.) Here there is no excuse for delaying the demand on the maker, and there is a palpable want of due diligence, which discharges the endorser.

Judgment for the defendant.