## Dupuy *against* Gray.

*December,* 1824.

ASSUMPSIT in the Circuit Court of *Limestone* County, *Matthew Gray* against *James W. Dupuy* as assignor of a bond whereby *Wm. Burns* bound himself in the sum of $453 50¾ to *Dupuy*, conditioned to pay said sum into the Land Office at *Huntsville*, according to the terms provided by the Acts of Congress for the disposal of the public lands, &c.: viz. one-third on the 11th of *February*, 1820; one-third on 11th of *February*, 1821; and one-third on the

1. Declaration by assignee against assignor of a bond payable by instalments avers demand, and notice on the————day of February, 1822, and after the 11th day of February 1822, when the last instalment was due, good after verdict. 2, Evidence of a parol agreement which would vary the effect of the endorsement, not admissible.

Dupuy
v.
Gray.

11th of *February*, 1822. Declaration charges that *Dupuy* assigned the bond to *Gray* on the 11th of *May* 1821, the money being then wholly unpaid; and that afterwards, on the        day of *February* 1822, and after the 11th day of *February* 1822, *Gray* demanded payment of *Burns*; and on the        day of *February* 1822, gave notice of non-payment to *Dupuy*; concluding with a *super se assumpsit* in the usual form.    General issue, and verdict and judgment for the plaintiff.

On the trial the plaintiff in the action proved that the notice was given to the defendant on the 15th day of *February* 1822; and by the same witness, who was the only one examined on the part of the plaintiff, proved that demand of the money due on the bond was made of the obligor probably a week or three days before said notice to defendant; the witness could not recollect the day distinctly, but said that when the demand was made, the obligor admitted that the time limited for the payment of the bond had arrived.    There was no evidence that the defendant, after notice of the demand of the obligor, had promised to pay the money to the plaintiff.

The assignment was as follows—" I assign the within " obligation to *Mathew Gray*, for value of him rec'd. 11th " *May*, 1822.   *James W. Dupuy*."

The defendent offered to prove that by the agreement, in pursuance of which the assignment was made, he was not to be liable until it had been ascertained by a suit against the obligor that the money could not be collected of him ; which testimony on the objection of the plaintiff was rejected by the Court.

The defendant moved the Court to instruct the Jury that the law required that the demand of the obligor for payment should be made on the last of the three days of grace, &c.    The Court refused to give this instruction, but instructed the Jury that a demand of the obligor on the day appointed for payment, or on any one of the three days of grace, unless the last one was a Sunday, was sufficient; to all which the defendant excepted.

Judge *Crenshaw* delivered the opinion of the Court.

It appears that the bond was assigned after the two first, but before the last instalment was due.   Some of the old authorities hold out the idea that the penalty of such a bond is not recoverable before the last instalment becomes due ; but the modern doctrine seems to be, that the action may be maintained on failure to pay the first or any of the instalments.   The penalty of this bond was then forfeited, and

the debt was due when the bond was assigned. The days of grace are not allowable on a note or bill endorsed after it is due, or payable at sight or on demand ; but the holder or assignee may immediately demand payment, and give notice and resort to the endorser. But I apprehend that he may wait until the last instalment becomes due, and then demand payment and give notice.

The blank in the declaration here as to the time of demand and notice would have been cause of special demurrer ; but after issue and verdict the objection comes too late, for it is then to be presumed from the Record the demand was made and the notice given within the proper time. The evidence objected to by the defendant to the action went to prove a demand as soon as the last instalment became due, and reasonable diligence in giving notice to the assignor, and was properly permitted to go to the Jury.

The Court did right in rejecting the evidence offered by defendant to prove a verbal agreement that he was not to be liable until it should be ascertained by suit that the money could not be collected of the obligor. Such evidence went to vary and control the terms and legal effect of the defendant's contract in writing as expressed in the endorsement.

It is the unanimous opinion of the Court that the judgment be affirmed.

Judge *Ellis* having presided in the Court below, did not sit.

*Wm. B. Martin,* for plaintiff in Error, cited—4 Term R. 148, 170. 6 Term R. 123. 1 Esp. R. 231, 261. 13 John. 470. 2 Cain, 343. Ld. Raym. 743. 12 John. 423. 2 Henry Bl. 336. Chitty on Bills, 339. Laws Ala. 67, 68, 70. And as to the evidence offered by defendant—2 Mass. R. 430. Ch. Bills, 183, 4. 8 Term R. 379. Peake's Ev. 112 note, 113. 1 Anthon's N. P. cases, 4.

*McKinley* for defendant in Error.