Mr. Justice Trimble
 

 delivered the opinion of the Court.—
 

 . This is" a writ of error, to a judgment of the Circuit Court, for the district of Columbia, held in the county'of Washington. ■ 1
 

 . Joshua Peake brought this action on the case, in that Court, upon a special agreement against Daniel Carroll, who pleaded, the general issue; -and, upon the trial, a verdict and. judgement were rendered for the plaintiff therein. A-bill of exceptions was taken by-the defendant, in the Court below; which states, that the plaintiff, to- support the issue on his part, offered to read in evidence to the jury, the following copy-of a pa--' per, (the execution of the original of which, was admitted,) signed by Joshua Peake, which- copy is admitted to be, wholly, in the'handwriting of the defendant, to wit: — >“I agree to rent of Daniel Carroll, of Dudington, the land -rented heretofore to Wilfred Neale, the -same being in St. Mary’s county-; for which I oblige myself - to pay, on the 1st day of Januáry 1821, for one year, from the 1st,day of January 1820, six
 
 *21
 
 hundred dollars, (8600,) and.to pay all taxes on the same, in* dependent of the above rent;' and also,--obligé myself to keep, the premises in good repair, and not to- commit, nor suffer to be committed, any waste on the said premises. •
 

 •Witness my hand, this ílth day of December 1819.
 

 It is agreed, that the taxes shall be paid by Joshua-Peake, and the said Carroll will allow the same, on the tax bill, re* ceipted, out of the rent.
 

 Joshua Peáké.
 

 Witness,:
 

 William Dudley Digges.”
 

 Which paper was so offered in evidence, in connexion with three letters from defendant, to-the plaintiff, as a component part of the sum. of . evidence relied on, to! prove the contract as-laid .in'the .declaration; which letters ar.e in these words and figures, following, &c. — [The letters were mislaid.]
 

 To' the reading of which paper, the-defendant, by his counsel, objected, as not being competent and legal evidence, to charge the defendant in this' case; but the Court permitted the said paper to be read in evidence td the jury, &c., to which opinion of the Court, the defendant, by his counsel, excepted, &c. The plaintiff, then, further to support the issue on his part, offered in evidence to the jury, the said letters, from- defendant to plaintiff, and.-admitted to be -in the handwriting-of the defendant; as component parts, in connexion with the said paper before-admitted-, of . the. evidence'of the .agreement-on which this action is founded; to.the ádmissio'n.of said letters, ás part of said
 
 agreement,
 
 'the defendant,- by his counsel, objected ; but the Court overruled said objection, and permitted said letters to be read to the jury, as part'of said agreement; to which opinion of the Court, the- defendant, by his counsel, excepted. . " '
 

 It is insisted .by the counsel for the plaintiff in. error, .that these .opinions are erroneous; and that the. judgment of the.Circuit Court should, for that cause, be .reversed.
 

 ■ The bill of exceptions does not put the objection-to the paper offered in evidence, distinctly, upon the ground, that, being a copy, it could not be used, without timely notice to producé-the original. Although some, doúbt exists, whether the objection ought not to have been placed on that ground,.in the Court below, in order to make it available here; yet, as the whóle argument in- this Court,'.has proceeded upon the assumption, that the question is'sufficiently raised upon the. bill of exceptions, we will so consider it... 'The principle relied, upon'is, that a copy cannot be given in evidence, if the ori-ginalbe. in the-possession of the adverse’party; unloss .timely
 
 *22
 
 previous notice has been given him, to produce it at the trial, This is certainly true, as a general rule. But in examining the numerous adjudged cases to be found in the books, in .which this general rule has been asserted- and applied, we have been able to find no case like this. They are all cases where the copy offered, had not been made by the party, agaipst whom it was attempted to be used. This is a case in. which the execution of the original is .distinctly admitted; and the paper called a copy, is admitted to be wholly in the defendant’s handwriting. From the nature of the transaction, he'was entitled to, and must be presumed to have,'the custody of the original. The copy, made out by himself, must be presumed to have come to the plaintiff’s possession, by the defendant’s own act; and, by making and delivering it to the plaintiff, the defendant consents that it shall be considered genuine and . true. . We think, that, under such circumstances, this case forms a just exception to the general rule; and that it is not competent, for the defendant below, to allege against his own acts and admissions, that this paper does not, nor may not, contain all the verity and certainty of the original. So far we have con sidered this paper as if it ought to be regarded in the .light of a copy. But, we think, that is not its true character, as it was presented to the Court and jury. "We think, that, under the circumstances, and to the purposes for which it was offered, it may fairly be regarded as an original.
 

 As relates to. Peake’s contract, to pay rent, See., it was a copy; but was it a copy, as respects Carroll’s agreement to let the farm ? If so, it was' a copy, without an original — for the original paper was not ■ signed by Carroll, and contained no • contract, on His part.- The paper was offered, in evidence, in connexion with the three letters from- the defendant to the plaintiff, as a
 
 component
 
 part of the evidence, to prove the defendant’s agreement to let the farm to the plaintiff, and the terms of that agreement. The clerk, certifies, that the letters referred to, are not on file in the cause, and they are not transcribed into the record. Itf their absence, if there be a sup-pósable case, in which they, and the paper called a copy, were legitimate evidence*’regarding that paper, as an original, and not as a mere copy, it must be so regarded.- We. are bound to presume every thing in favour of the correctness of the decision of the Court below, until the contrary appears.
 

 If the letters, which are admitted to be in the defendant’s handwriting, were relevant to the matter in controversy, and, in their absence, that must be presumed; no doubt can exist, of their being competent and legitimate evidence, to prove the contract sued on, so far as they spoke-on that subject. It has been already remarked, that the paper called a copy, was ad
 
 *23
 
 mitted to be in the defendant’s handwriting-, and that it must have come to the plaintiff’s hands, by the defendant’s act. Let it be supposed, then, that having copied, iri-his own hand, •Peake’s agreement to pay rent, &c. he had enclosed that paper, in one of those-letters, and referring to it. The letter here stated, that he, (Carroll,) agreed to let and lease the farm to Peake, upon terms expressed in'the enclosed paper. It is plain, that, in the case supposed, the enclosed paper, although it might be a mere copy, as respected Peake’s part of the contract,- yet, as respected the contract-on Carroll’s part,'would be truly an original document, by adoption and incorporation with the letter, as much as the letter itself. It would be a part of the letter. We do not say, the paper Was thus enclosed, and referred to, in the letters, or either of them.; but it might have been,' for- ought that appears, and. that is enough.
 

 Upon-the principle assumed as correct, that the opinion of the Court' below must be regarded as sound, until its incorrectness is made to appear, the plaintiff in error cannot prevail; unless he can- show, in the absence of the letters,, that no casé could have existed, they being present, in which the paper objected to,- could be considered in the light of an original document. The case first shows, that such a case might have existed, and have been proved, upon the trial. It is, by no means, a strange supposition, to presume that such was the aspect of the case; for it is perfectly consistent with .a known and familiar manner of transacting business, where the- parties reside at a distance, or where, for other causes, the mode of contracting, -by correspondence, is resorted to. It is objected, that the declaration shows' no cause of action; and it is insisted the judgment shall be reversed, for that cause. The declaration is very loosely drawn,- and a great deal of matter is crowded into it, which is impertinent, or, at most, only in aggravation of damages. But surplusage, in pleadings, does not vitiate, in any case, after verdict; and wholly disregard--ing the impertinent and irrelevant matter, the declaration contains enough to support the action. • The declaration, in substance, alleges, that the defendant below agreed to relit,' and to farm-let to the plaintiff, the farm, for one year from the 1st of January. 1820, and- agreed to remove the former tenant, and that the plaintiff should have the' possession and occupancy of the farm, from the-lst of January aforesaid, free from the iet, hindrance, or disturbance of any one. The declaration- then proceeds to aver, that on the said- 1st of January 1820, at the county aforesaid, the plaintiff was ready and willing, and offered to the said Daniel (the defendant) to take possession- of the said land and farm, and' to rent and occupy the same, 8cc., and afterwards assign breaches,
 
 (inter, alia)
 
 in this, that a!
 
 *24
 
 though specially requested so to do, on the said 1st day of January 1820, the defendant refused and neglected to turn out (he tenant, who then was, and had been, in the possession and occupancy of the said land and farm, and to deliver the possession thereof to the said Joshua.
 

 - The specific objections, urged in argument, aré, that tne plaintiff should have averred his readiness, and offered his request; not on the 1st day of January, generally, but at the last convenient hour of that day; and that instead of charging a personal demand, it ought to have been averred to-.have been made on the land. It must occur to every one, that an offer and request upon the land, in the absence of the defendant, would be á very idle and useless ceremony,-and that an offer and request to him, personally, was much better calculated to enable him to perform his- duty, and fulfil his agreement.
 

 We cannot admit that it was necessary the offer and request should be made, at the last convenient hour of the day. The strict doctrines contended for, have been applied to special pleas'in bar, of tender, and some others of a peculiar character, and depending upon their own particular reasons: but there is-rio analogy between them and this case. -
 

 In declarations, general averments, of readiness and request, on the day, have always been held sufficient, especially after verdict.
 

 We are of opinion, there is no error in the judgment and proceedings of the Circuit Court, and the same is affirmed, with damages and costs.