## ISAAC DYER *vs.* JOHN FREDERICKS.

*Evidence—when secondary is admissible.*

The burden is upon the plaintiff to prove that neither of duplicate bills of lading can be produced, before introducing parol testimony of the contents. If he offers the latter, and it is received, the presumption is that he satisfied the court of his inability to procure either part; which presumption is not overcome by the fact that the defendant, a shipmaster, delivered his part to one of his owners at the end of the voyage, ten years before.

If the plaintiff thinks this copy is still in existence, it is his duty to summon the owner to produce it; if he does not do so, he cannot except to the introduction by the defence of parol testimony of its contents, to rebut like evidence introduced by himself.

ON EXCEPTIONS.

ASSUMPSIT to recover a hundred dollars said to have been collected by the defendant for the plaintiff, but retained by the latter, contrary to the terms of a bill of lading, executed in duplicate by the plaintiff and the owners of a brig of which the defendant was master. Having introduced testimony tending to show the loss of the bill of lading delivered to him, the plaintiff was allowed to prove its contents by parol. Captain Fredericks, when called as a witness in his own behalf, testified that he gave his copy to Charles M. Plummer, one of the owners of the brig, at the end of the voyage, ten years ago. Both parts were conceded to be alike. The defence, without calling Plummer to show the loss of the paper given him, were permitted to show by the captain and another witness, the contents of the bill of lading, the plaintiff objecting that this should not be done till the defendant had proved the loss of the copy left with Plummer, or the impossibility of compelling his attendance with it. The verdict was for the defendant, and the plaintiff excepted to the ruling admitting this testimony.

*Mattocks & Fox*, for the plaintiff.

*Strout & Holmes*, for the defendant.

RESCRIPT.

When the plaintiff offers parol evidence of the contents of a bill of lading upon which he relies, originally executed in duplicate, the burden is upon him to show that neither of the parts can be produced. If the parol testimony which he offers is received, the presumption is that he has satisfied the court of this; and where there is no ground for suspicion that either part is in the possession or under the control of the defendant, that presumption is not overcome by the naked fact that the defendant, a master of a vessel, testifies that one of the parts was once in his possession and was delivered by him to one of the owners of the vessel at the end of the voyage, ten years previous to the trial.

If the plaintiff believes that there is a reasonable probability that the ship's bill thus referred to can be produced it is his duty to move the court for leave to summon the owner to produce it.

If he does not do this, the burden being upon him to account for the non-production of other of the bills, he cannot object to the defendant's use of parol testimony to rebut the same kind of evidence adduced by himself. *Exceptions overruled.*