BRAY *vs.* PARKER, administrator.

1. The evidence was sufficient to authorize the verdict.
2. Objections to the admission of evidence must be specified.
3. When one sues as administrator, he need not prove his administratorship, unless the defendant specially deny it in his pleadings.
4. While generally this court is bound by the facts recited in the transcript of the record, yet when there is an evident clerical error therein, the bill of exceptions may be looked to to ascertain a date.

November 21, 1888.

Practice. Administrators and executors. Pleadings. Record. Bill of exceptions. Before Judge HINES. Johnson superior court. March term, 1888.

Reported in the decision.

V. B. ROBINSON, by HARRISON & PEEPLES, for plaintiff in error.

No appearance *contra.*

SIMMONS, Justice.

Evans Parker, as administrator of Jeremiah Parker, sued Bray upon an open account, in September, 1887,

for the balance of the purchase money and interest due his intestate by Bray, for sixty-eight acres of land at $5 per acre. The account is dated 1882, and contains two credits, one for $20, January 4th, 1884, and the other for $10, February 5th, 1886; and in the bill of particulars, interest is claimed on the balance, $310, from November 1st, 1888. The defendant pleaded not indebted, and the statute of limitations. The jury returned a verdict for the plaintiff, and the defendant made a motion for a new trial, which was overruled, and he excepted.

1. The 1st, 2d and 3d grounds of the motion for a new trial are, that the verdict was contrary to law and to the evidence, etc. We think the evidence was sufficient to authorize the ·finding of the jury. The court committed no error in. not granting a new trial on these grounds.

2. The 4th ground complains of the court's admitting in evidence a schedule of property made by the defendant as guardian, etc. We cannot consider this ground, because it does not show the ground upon which objection was made in the court below to this schedule. We have made this ruling so often that it has become monotonous.

3. The 5th and 6th grounds complained of the court's charging the jury that "when·one sues as administrator, he need not prove his administratorship, unless the defendant specially denies it in his pleadings." There was no error in this instruction. We do not think that, under our pleadings, it is necessary for the administrator to put in his letters of administration, unless his administratorship is denied by the defendant in one of his pleas.

4. Counsel for the plaintiff in error insisted before us that suit was prematurely brought, because the bill of particulars attached to the declaration showed that

the account was not due, because interest was claimed in the bill of particulars up to November 1st, 1888, the action having been commenced in September, 1887. This claim of interest to November, 1888, appears in the transcript of the record in the bill of particulars attached to the declaration, but in the bill of exceptions it is stated that this interest was claimed from November 1st, 1883. The evidence shows that the land was purchased by Bray in 1882. While we are generally bound to go by the facts recited in the record, yet when an evident clerical error is apparent in the transcript of the record, we think we are justified in looking to the bill of exceptions to ascertain the true date; and in this case the bill of exceptions shows that interest was claimed only from the 1st of November, 1883, instead of the 1st of November, 1888, as the transcript of the record has it. There is nothing, therefore, in this point; and the judgment is affirmed.