## GRILLO v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
March 4, 1929.

No. 271.

Abraham H. Kesselman, of Brooklyn, N. Y., for appellant.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.  The only evidence for the prosecution was that, while the officers were present on the premises, the stills being then in operation, the defendant appeared, and upon inquiry said that he was the owner. The defense proved that the title to the land had once been in the Grillo Building Company, of which the defendant was presumably the owner, but that it had been conveyed to the defendant's daughter. It also offered in evidence a lease, purporting to be signed by one Cantilupo before the deed just mentioned was executed, but this the judge refused to receive, because only the lessee had signed it.

It seems to us that the exclusion of the lease was fatal to the verdict. Perhaps the mere existence of two stills in operation upon premises would prima facie be enough to support the verdict, if the accused were in possession. Certainly it would not be enough unless he was, and possession was the vital issue in the cause on any showing. We do not say that even then a case was made, but only that it was not if Cantilupo was a bona fide lessee. Hence it became of critical consequence that the defendant should have the full benefit of any evidence showing that he was not in possession. While it is true that he testified to receiving rent from Cantilupo and to his being the tenant, and while the execution of the lease depended wholly upon his testimony, Cantilupo not being called, still it is impossible to say that the lease itself might not have so far corroborated his story as to turn the scale. We are not disposed to stretch at unimportant circumstances, yet it is inherent in any fair trial that the accused should be allowed the benefit of his evidence. The case for the prosecution was tenuous at best; an exclusion, which might have been harmless in another setting, may have had genuine importance here.

The fact that the copy offered in evidence was signed only by the lessee did not make it incompetent, Doe v. Pulman, 3 Q. B. 622; Carroll v. Peake, 1 Pet. 18, 7 L. Ed. 34 (semble); Cleveland & T. R. Co. v. Perkins, 17 Mich. 296.

Judgment reversed, and new trial ordered.